IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01784-BNB

ERNEST BRIM,

    Applicant,

v.

RICK RAEMISCH, Executive Director, Colorado Department of Corrections,
DAVID WALCHER, Arapahoe County Sheriff, Colorado, and
DENVER DISTRICT COURT, Second Judicial District, Courtroom 10,

    Respondents.

## SECOND ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES

Applicant, Ernest Brim, initiated this action on June 26, 2014 by filing a Letter with the Court asserting that he is being detained beyond his release date for a state court conviction. He also makes allegations about the legality of his state habitual offender sentence.

On June 27, 2014, the Court reviewed the submitted document and determined that it was deficient. The Court directed Mr. Brim to file a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, or pay the $5.00 filing fee, within thirty (30) days of the June 27 Order. The Court further instructed Mr. Brim to submit an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (if he was attacking the execution of his sentence), or an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (if he was attacking the validity of a state court sentence).

Mr. Brim paid the $5.00 filing fee on August 4, 2014. (ECF no. 6). After

obtaining an extension of time, he filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on September 8, 2014. (ECF No. 7). In the Application, he challenges the validity of his state court sentence. He asserts that the Denver District Court ruled that a prior conviction was constitutionally infirm in a state post-conviction proceeding in April 1987, but the Arapahoe County District Court relied on the unconstitutional conviction to enhance his sentence in Case No. 87-cr-161. Mr. Brim also makes allegations of prosecutorial misconduct and ineffective assistance of counsel.

Because Mr. Brim is challenging the validity of a state court conviction and sentence, his claims arise under 28 U.S.C. § 2254, not § 2241. Accordingly, he must submit his claims on the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and name the proper Respondent. The proper respondent to a habeas corpus action is the warden of the facility where the Applicant is confined upon initiation of the action. *See* 28 U.S.C. § 2242 (providing that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]"); *id.* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); *accord Rumsfeld v. Padilla,* 542 U.S. 426, 447 (2004). Accordingly, it is

ORDERED that Mr. Brim cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Mr. Brim files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Mr. Brim, with the assistance of his case manager or

...

3

the facility's legal assistant, shall obtain the Court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C.§ 2254 at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Brim fails to file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 **within thirty (30) days from the date of this order**, this action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED: September 10, 2014, at Denver, Colorado.

BY THE COURT:


 s/ Boyd N. Boland
United States Magistrate Judge