IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01784-BNB

ERNEST BRIM,

    Applicant,

v.

RICK RAEMISCH, Executive Director, Colorado Department of Corrections, and
DAVID WELCHER, Arapaho County Sheriff,

    Respondents.

## FINAL ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES

    Applicant, Ernest Brim, is in the custody of the Colorado Department of Corrections (CDC) and is incarcerated presently at the Arapaho County Detention Facility. He initiated this action on June 26, 2014 by filing a Letter with the Court asserting that he is being detained beyond his release date for a state court conviction. He also makes allegations about the legality of his state habitual offender sentence.

    On June 27, 2014, the Court reviewed the submitted document and determined that it was deficient. The Court directed Mr. Brim to file a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, or pay the $5.00 filing fee, within thirty (30) days of the June 27 Order. The Court further instructed Mr. Brim to submit an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (if he was attacking the execution of his sentence), or an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (if he was attacking the validity of a state court sentence).

Mr. Brim paid the $5.00 filing fee on August 4, 2014.  (ECF No. 6).  After obtaining an extension of time, he filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, on September 8, 2014.  (ECF No. 7).  In the § 2241 Application, he challenged the validity of his state court habitual offender sentence.  He asserts that the Denver District Court ruled that a prior conviction was constitutionally infirm in a state post-conviction proceeding in April 1987, but the Arapaho County District Court relied on the unconstitutional conviction to enhance his sentence in Case No. 87-cr-161.

On September 9, 2014, this Court instructed Mr. Brim to submit his claims on the the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 because he is challenging the validity of a state court sentence.  (ECF No. 8). The Court also directed Mr. Brim to name a proper respondent. (*Id.*).  The proper respondent to a habeas corpus action is the warden of the facility where the Applicant is confined upon initiation of the action. *See* 28 U.S.C. § 2242 (providing that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]"); *id.* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); *accord Rumsfeld v. Padilla,* 542 U.S. 426, 447 (2004).

Mr. Brim filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on October 10, 2014.  (ECF No. 9).  The Amended Application does not comply with the September 9, 2014 Order because it is not filed on the correct form. Mr. Brim must submit his claims on the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  Further, Rick Raemisch, the

Executive Director of the CDC, is not a proper respondent to this action.  Accordingly, it is

ORDERED that Mr. Brim, with the assistance of his case manager or the facility's legal assistant, shall obtain the Court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  Mr. Brim may obtain the § 2254 Application form at www.cod.uscourts.gov.  Applicant shall complete that form and file it with the Court if he intends to proceed with his claims challenging the validity of his state habitual offender sentence.  Mr. Brim must notify the Court if he is unable to obtain the proper form.  Mr. Brim need not re-file the same attachments that are already part of the Court's file.  It is

FURTHER ORDERED that, if Mr. Brim fails to file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 **within thirty (30) days from the date of this order**, this action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED: October 9, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge