IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01784-GPG

ERNEST BRIM, a/k/a Bernard Horne,

    Applicant,

v.

BERRY GOODRICH, Warden/Superintendent, BCCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Ernest Brim, a/k/a Bernard Horne, is a prisoner in the custody of the Colorado Department of Corrections (CDOC). Mr. Brim initiated this action on June 26, 2014, by filing a Letter with the Court.

    On June 27, 2014, Magistrate Judge Boyd N. Boland entered an Order Directing Petitioner to Cure Deficiencies. (ECF No. 3). Magistrate Judge Boland ordered Mr. Brim to submit either an Application for a Writ of Habeas Corpus, pursuant to either 28 U.S.C. § 2241 or § 2254 on the court-approved form, within 30 days of the June 27 Order. (*Id.*). Magistrate Judge Boland explained to Mr. Brim that "[p]etitions under § 2241 are used to attack the execution of a sentence, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996), while a petition under § 2254 challenges the validity of a state court conviction or sentence. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). (*Id.*). Magistrate Boland also directed Mr. Brim to submit a § 1915 motion and affidavit on the court-approved form, or pay the $5.00 filing fee. (*Id.*).

Mr. Brim paid the $5.00 filing fee on August 4, 2014. (ECF No. 6). On September 8, 2014, he filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 7). In a September 10, 2014 Order, Magistrate Judge Boland instructed Mr. Brim to submit an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 because he was challenging the validity of a state court sentence, rather than the execution of his sentence. (ECF No. 8). Following several problems with Mr. Brim's receipt of the September 10 Order, Applicant filed his § 2254 Application on the court-approved form on January 5, 2015. (ECF No. 22). Pursuant to a January 7, 2015 Order, Respondents filed a Pre-Answer Response addressing procedural issues on January 28, 2015. (*Id.* at 29). Applicant filed his Reply on February 6, 2015. (*Id.* at 33).

The Court must construe the § 2254 Application filed by Mr. Brim liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

In the § 2254 Application (ECF No. 22), Mr. Brim challenges the validity of habitual offender sentence imposed in Arapahoe County, Colorado, District Court Case No. 86CR1348. Mr. Brim previously filed a habeas corpus action pursuant to 28 U.S.C. § 2254 challenging the validity of his state court sentence in Arapahoe County District Court  Case No. 87CR161. *See Ernest Brim, a/k/a Bernard Horne v. Aristedes W. Zavaras, Colorado "DOC" Executive Director, et al.*, No. 09-cv-00429-ZLW (D. Colo. Nov. 5, 2009), *certificate of appealability denied in* No. 09-1516 (10th Cir. March 22, 2010) (unpublished). Although Mr. Brim fails to mention the fact that he has filed a prior

habeas corpus action challenging the validity of the same state court habitual offender sentence, the Court may take judicial notice of its own records and files that are part of the Court's public records.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

Mr. Brim's § 2254 application in 09-cv-00429-ZLW was dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  Therefore, the Court finds that the instant application is a second or successive application.  *See In re Rains,* 659 F.3d 1274, 1275 (10th Cir.2011) (per curiam) ("The dismissal of [petitioner's] first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the [§ 2244(b) ] requirements."); *Hall v. Falk*, No. 13-1291, 535 F. App'x 762, 763 (10th Cir. Oct. 21, 2013) (unpublished) (same).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Brim must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application.  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam).  In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application.  *See id.* at 1251.  An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence"

and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Brim does not allege that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the application to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*. at 1251. When "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *Id.* at 1252.

Mr. Brim fails to demonstrate that his claims in this action are based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone. *See id.*

Consideration of the other relevant factors also supports this conclusion. Mr. Brim's claim challenging the validity of his state court sentence was time-barred long before he initiated this action, as determined in Civil Action No. 09-cv-00429-ZLW.

Furthermore, there is no indication that the claim Mr. Brim seeks to raise has any merit. (*See generally People v. Ernest James Brim*, No. 87CA0647 (Colo. App. Oct. 5, 1989) (unpublished) (ECF No. 29-5); *People v. Ernest J. Brim, a/k/a Bernard J. Horne*, No. 05CA1528 (Colo. App. Aug. 2, 2007) (unpublished) (ECF No. 29-7); *Ernest Brim, a/k/a Bernard Horne v. People of the State of Colorado*, No. 10CA2209 (Colo. App. Nov. 23, 2011) (unpublished) (ECF No 29-9)).

Finally, it was clear when the instant action was filed that this Court lacks jurisdiction over the application. As a result, the Court finds that a transfer of this action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 22), filed on January 5, 2015, is DENIED and this action is DISMISSED for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of the procedural ruling and Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED. the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. It

is

FURTHER ORDERED that all pending motions are DENIED AS MOOT.

DATED February 18, 2015, at Denver, Colorado.

BY THE COURT:


　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court